UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD BENJAMIN WHITE,<br><br>            Plaintiff,<br><br>   v.<br><br>MONROE CORRECTIONAL COMPLEX INTENSIVE MANAGEMENT UNIT,<br><br>            Defendant. | CASE NO. 2:23-cv-01222-DGE-BAT<br><br>**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND** |

Plaintiff, Ronald Benjamin White, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkts. 1, 1-1. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve the complaint but provides plaintiff leave to file an amended pleading by **September 22, 2023**, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff, who is incarcerated at Monroe Correctional Complex - Intensive Management Unit (MCC-IMU), names MCC-IMU as the sole defendant in this action. Dkt. 1-1. Plaintiff alleges his rights were violated because he was left in his cell which was flooded with contaminate toilet water for 3.5 hours during which he was served dinner and forced to walk in his shower shoes through the flooded cell to retrieve and return his dinner tray. *Id.*

ORDER DECLINING SERVICE AND
GRANTING LEAVE TO AMEND - 1

1   Specifically, plaintiff alleges on May 22, 2023, at 1:15pm the toilet in his cell at MCC-
2   IMU began "shooting out" dirty toilet water with excrement and urine until it was an inch high
3   covering the entire floor of his cell. *Id.* Plaintiff alleges the "first officer" and "second officer" he
4   spoke to through his cell door window saw his cell was flooded with toilet water but did not let
5   him out of his cell. He states that at some point there was a plumber outside of his cell and
6   someone pushing the toilet water back into his cell from the day room. *Id.* Plaintiff states that a
7   "third" and "fourth" officer served him dinner in his cell at 4:30pm and left him in his cell
8   despite seeing that his cell was flooded with toilet water. *Id.* He states that two additional officers
9   came to retrieve his dinner tray but also did not let him out of his cell. *Id.* He states he was
10  moved to a different cell sometime shortly after his dinner tray was retrieved. *Id.*

11  Plaintiff alleges he suffered paranoia, stress, nervousness, insomnia, and weight loss, and
12  that his pre-existing depression and anxiety worsened. *Id.*

13  As relief, plaintiff seeks $5,000,000.00 in damages. *Id.*

## DISCUSSION

15  Under the Prison Litigation Reform Act of 1995, the Court is required to screen
16  complaints brought by prisoners seeking relief against a governmental entity or officer or
17  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the
18  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to
19  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
20  who is immune from such relief." Id. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
21  152 F.3d 1193 (9th Cir. 1998).

22  Plaintiff's complaint suffers from deficiencies requiring dismissal if not corrected in an
23  amended complaint.

**A. Improper Defendants**

Plaintiff names only the MCC-IMU as a defendant in this action. *See* Dkt. 1-1. MCC-IMU is not a proper defendant. Section 1983 applies to the actions of "persons" acting under the color of state law. "Neither states, nor entities that are arms of the state, are 'persons' for purposes of § 1983." *Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, neither the MCC-SOU or the State of Washington can be sued under § 1983.

As plaintiff has not named a proper defendant in this action, his claims fail as a matter of law.

**B. Eighth Amendment - Conditions of Confinement**

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone, but

1  must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v.*
2  *Harris*, 489 U.S. 378, 385-90 (1989).
3         The Constitution does not mandate comfortable prisons, but neither does it permit
4  inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment,
5  prison officials are required to provide prisoners with basic life necessities, such as food,
6  clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801
7  F.3d 1080, 1107 (9th Cir. 1986). To state a claim for unconstitutional conditions of confinement,
8  a plaintiff must allege a defendant's acts or omissions deprived the inmate of "the minimal
9  civilized measure of life's necessities" and the defendant acted with deliberate indifference to an
10 excessive risk to inmate health or safety. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994)
11 (*quoting Farmer*, 511 U.S. at 834); *see Estate of Ford v. Ramirez—Palmer*, 301 F.3d 1043,
12 1049–50 (9th Cir. 2002). A prison official does not act with deliberate indifference "unless the
13 official knows of and disregards an excessive risk to inmate health or safety; the official must
14 both be aware of facts from which the inference could be drawn that a substantial risk of serious
15 harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.
16        "The circumstances, nature, and duration of a deprivation of [ ] necessities must be
17 considered in determining whether [an Eight Amendment] violation has occurred." *Johnson v.*
18 *Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The length of time a prisoner is subjected to the
19 offensive condition, is a relevant factor to consider in determining whether it implicates
20 constitutional protections. *See Hutto v. Finney,* 437 U.S. 678, 686–87 (1978) ("A filthy,
21 overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for
22 weeks or months."); *Cockcroft v. Kirkland*, 548 F.Supp.2d 767, 775 (N.D. Cal., March 10, 2018)
23 ("Usually, a more offensive condition will be of constitutional significance when it exists for

ORDER DECLINING SERVICE AND
GRANTING LEAVE TO AMEND - 4

even a short time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time."). "Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314–15 (9th Cir. 1995). Moreover, under circumstances where "the air [is] in fact saturated with the fumes of feces, urine, and vomit, it could undermine health and sanitation." *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998).

To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that a particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold*, 637 F.2d at 1355; *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In the complaint, plaintiff makes allegations against several "officers" but fails to name them as defendants or to provide sufficient identifying information for the Court to effect service. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994) (plaintiff bears the burden of providing accurate and sufficient information to effect service on defendants); *see also* Fed. R. Civ. P. 4. If plaintiff intends to proceed with this action, he must file an amended complaint providing the names of any individuals he intends to name as defendants, and, with respect to each defendant, he must allege *specific facts* demonstrating they knew of and took actions in deliberate indifference to a serious risk of harm faced by plaintiff. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

# CONCLUSION

If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) ***the name of the person who violated the right***; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **September 22, 2023**, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to provide plaintiff with copies of this Order and Pro Se Instruction Sheet.

DATED this 31st day of August, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge