UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BENJAMIN WHITE,

           Plaintiff,

  v.

MONROE CORRECTIONAL COMPLEX INTENSIVE MANAGEMENT UNIT,

CASE NO. 2:23-cv-01222-DGE-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, Ronald Benjamin White, filed a *pro se* 42 U.S.C. § 1983 complaint on August 9, 2023. Dkts. 1, 1-1. The Court reviewed the complaint under 28 U.S.C. § 1915A, found it deficient, ordered Plaintiff to file an amended complaint by **September 22, 2023**, and advised Plaintiff the failure to do so would result in dismissal of the case. As Plaintiff has failed to respond to the Court's order, the Court recommends this matte be dismissed without prejudice.

## BACKGROUND

Plaintiff is incarcerated at Monroe Correctional Complex - Intensive Management Unit (MCC-IMU), and names MCC-IMU as the sole Defendant in this action. Dkt. 1-1. Plaintiff alleges his rights were violated because he was left in his cell which was flooded with contaminate toilet water for 3.5 hours during which he was served dinner and forced to walk in his shower shoes through the flooded cell to retrieve and return his dinner tray. *Id.*

REPORT AND RECOMMENDATION - 1

Specifically, plaintiff alleges on May 22, 2023, at 1:15pm the toilet in his cell at MCC-IMU began "shooting out" dirty toilet water with excrement and urine until it was an inch high covering the entire floor of his cell. *Id.* Plaintiff alleges the "first officer" and "second officer" he spoke to through his cell door window saw his cell was flooded with toilet water but did not let him out of his cell. Plaintiff states at some point, a plumber was outside of his cell and someone pushing the toilet water back into his cell from the day room. *Id.* Plaintiff states a "third" and "fourth" officer served him dinner in his cell at 4:30pm and left him in his cell despite seeing his cell was flooded with toilet water. *Id.* He states two additional officers came to retrieve his dinner tray but also did not let him out of his cell. *Id.* He states he was moved to a different cell sometime shortly after his dinner tray was retrieved. *Id.*

Plaintiff alleges he suffered paranoia, stress, nervousness, insomnia, and weight loss, and that his pre-existing depression and anxiety worsened. *Id.* As relief, plaintiff seeks $5,000,000.00 in damages. *Id.*

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court must review complaints filed by prisoners seeking relief against a state actor. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff was advised his complaint is deficient and subject to dismissal if not corrected in an amended complaint.

A.   **Improper Defendants**

Plaintiff was advised the complaint names only the MCC-IMU as a defendant. *See* Dkt. 1-1, and Dkt. 5. The MCC-IMU is not a proper defendant. Section 1983 applies to the actions of "persons" acting under the color of state law. "Neither states, nor entities that are arms of the state, are 'persons' for purposes of § 1983." *Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, neither the MCC-SOU or the State of Washington can be sued under § 1983.

As plaintiff has not named a proper defendant in this action, his claims fail as a matter of law and should be dismissed.

B.   **Eighth Amendment - Conditions of Confinement**

Plaintiff was also advised that to state a claim for relief under 42 U.S.C. § 1983, he must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A § 1983 claim must therefore first identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Next, Plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's

REPORT AND RECOMMENDATION - 3

1  own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90
2  (1989).
3  　　　　The Constitution does not mandate comfortable prisons, but neither does it permit
4  inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment,
5  prison officials are required to provide prisoners with basic life necessities, such as food,
6  clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801
7  F.3d 1080, 1107 (9th Cir. 1986). To state a claim for unconstitutional conditions of confinement,
8  a plaintiff must allege a defendant's acts or omissions deprived the inmate of "the minimal
9  civilized measure of life's necessities" and the defendant acted with deliberate indifference to an
10 excessive risk to inmate health or safety. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994)
11 (*quoting Farmer*, 511 U.S. at 834); *see Estate of Ford v. Ramirez—Palmer*, 301 F.3d 1043,
12 1049–50 (9th Cir. 2002). A prison official does not act with deliberate indifference "unless the
13 official knows of and disregards an excessive risk to inmate health or safety; the official must
14 both be aware of facts from which the inference could be drawn that a substantial risk of serious
15 harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.
16 　　　　"The circumstances, nature, and duration of a deprivation of [ ] necessities must be
17 considered in determining whether [an Eight Amendment] violation has occurred." *Johnson v.*
18 *Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The length of time a prisoner is subjected to the
19 offensive condition, is a relevant factor to consider in determining whether it implicates
20 constitutional protections. *See Hutto v. Finney,* 437 U.S. 678, 686–87 (1978) ("A filthy,
21 overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for
22 weeks or months."); *Cockcroft v. Kirkland*, 548 F.Supp.2d 767, 775 (N.D. Cal., March 10, 2018)
23 ("Usually, a more offensive condition will be of constitutional significance when it exists for

even a short time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time."). "Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314–15 (9th Cir. 1995). Moreover, under circumstances where "the air [is] in fact saturated with the fumes of feces, urine, and vomit, it could undermine health and sanitation." *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998).

To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove a particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold*, 637 F.2d at 1355; *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A plaintiff must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Plaintiff mentions in his complaint several "officers" but fails to name them as defendants or to provide sufficient identifying information for the Court to effect service. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994) (plaintiff bears the burden of providing accurate and sufficient information to effect service on defendants); *see also* Fed. R. Civ. P. 4. Plaintiff was advised that if he intends to proceed with this action, he must file an amended complaint providing the names of any individuals he intends to name as defendants, and, with respect to each defendant, he must allege *specific facts* demonstrating they knew of and took actions in deliberate indifference to a serious risk of harm faced by plaintiff. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

Because Plaintiff has failed to name individual defendants or the specific actions, they performed that violate the Constitution, the complaint fails to state a claim upon which relief may be granted and should be dismissed.

## CONCLUSION

Plaintiff was advised his complaint was deficient and subject to dismissal. Rather than dismissing the complaint outright, the Court granted Plaintiff the opportunity to file an amended complaint that addressed the deficiencies the Court noted. Plaintiff was also advised that if a sufficient amended complaint was not filed by September 22, 2023, the Court would recommend the case be dismissed.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Plaintiff shall not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 10, 2023**. The Clerk should note the matter for **October 13, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 25th day of September, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6